UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| CHRISTOPHER S. CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13-cv-00195 |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

USAA Federal Savings Bank ("USAA FSB"), by counsel, states the following for its Answer to Plaintiff's Complaint:

1.      USAA FSB admits that Plaintiff purports to bring this action to recover actual damages for violations of the Fair Credit Reporting Act ("FCRA") and defamation. USAA denies that it violated the FCRA or any other law, denies that Plaintiff was damaged by any action or inaction of USAA FSB, and denies Plaintiff is entitled to the relief requested.

## JURISDICTION

2.      USAA FSB admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

## PARTIES

3.      USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

4.      USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

5.      USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

6.      USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

7.      USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

8.      USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

9.      USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

10.      USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

11.     USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

12.     USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

13.     USAA FSB admits that it is a federally chartered savings institution and that its principle office is located in the state of Texas. USAA further admits that with respect to the account at issue in this case, it extended credit to Plaintiff jointly with Alison O. Chapman and that at the time the credit was extended, USAA FSB understood that the parties were married.

## FACTS

14.     USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

15.     USAA FSB admits that it holds an account opened in 1993, but states that the account was opened jointly by Plaintiff and Alison O. Chapman. USAA FSB lacks sufficient information to admit or deny the remaining allegations contained in paragraph 15 of Plaintiff's Complaint and, therefore, USAA FSB denies the remaining allegations and demands strict proof thereof.

16.     USAA FSB admits that it received notices from the three credit bureaus of a dispute; however, USAA FSB states the dispute documents speak for themselves. USAA FSB lacks sufficient knowledge or information to admit or deny the remaining

allegations contained in paragraph 16 of Plaintiff's Complaint and, therefore, USAA FSB denies the remaining allegations and demands strict proof thereof.

17.     USAA FSB denies that the credit report was false, and states that the application for credit bears Plaintiff's social security number and signature. The remaining allegations are denied.

18.     USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

19.     USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

20.     USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

21.     USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

22.     USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 22 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

23.     USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

24.     USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

25.     USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

26.     USAA FSB denies the allegations in paragraph 26 of Plaintiff's Complaint.

27.     USAA FSB denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     USAA FSB lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

29.     USAA FSB admits that it received disputes from each of the credit bureaus and in response thereto conducted a reasonable investigation of the dispute. USAA FSB denies there was any inaccurate reporting and all remaining allegations, and demands strict proof thereof.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681e(b)
### (EXPERIAN, EQUIFAX and TRANSUNION)

30.     USAA FSB incorporates each of the preceding paragraphs number 1-29 as fully set forth herein.

31.     Paragraph 31 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a

response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 31 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

32.     Paragraph 32 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 32 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

33.     Paragraph 33 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 33 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

34.     Paragraph 34 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 34 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681a(1)
### (EXPERIAN, EQUIFAX and TRANSUNION)

35.     USAA FSB incorporates each of the preceding paragraphs number 1-34 as fully set forth herein.

36.     Paragraph 36 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 36 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations.

37.     Paragraph 37 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 37 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations.

38.     Paragraph 38 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 38 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations.

39.     Paragraph 39 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 39 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681a(2)**
**(EXPERIAN, EQUIFAX and TRANSUNION)**

40.     USAA FSB incorporates each of the preceding paragraphs number 1-39 as fully set forth herein.

41.     Paragraph 41 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 41 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations.

42.     Paragraph 42 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 42 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations.

43.     Paragraph 43 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 43 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations.

44.     Paragraph 44 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB states that the allegations contained in paragraph 44 of Plaintiff's Complaint set forth conclusions of law to which no response is required.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681a(4)**
**(EXPERIAN, EQUIFAX and TRANSUNION)**

45.     USAA FSB incorporates each of the preceding paragraphs number 1-44 as fully set forth herein.

46.     Paragraph 46 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 46 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

47.     Paragraph 47 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 47 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

48.     Paragraph 48 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 48 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

49.     Paragraph 49 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 49 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681a(5)(A)**

**(EXPERIAN, EQUIFAX and TRANSUNION)**

50.     USAA FSB incorporates each of the preceding paragraphs number 1-49 as fully set forth herein.

51.     Paragraph 51 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 51 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

52.     Paragraph 52 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 52 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

53.     Paragraph 53 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 53 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

54.     Paragraph 54 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent a response is required, USAA FSB lacks sufficient information to admit or deny the allegations contained in paragraph 54 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. 1681a(5)(C)
## (EXPERIAN, EQUIFAX and TRANSUNION)

55.     USAA FSB incorporates each of the preceding paragraphs number 1-54 as fully set forth herein.

56.     Paragraph 56 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent these allegations are intended to apply to USAA FSB, USAA FSB denies the allegations contained in paragraph 56 of Plaintiff's Complaint and demands strict proof thereof.

57.     Paragraph 57 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent these allegations are intended to apply to USAA FSB, USAA FSB denies the allegations contained in paragraph 57 of Plaintiff's Complaint and demands strict proof thereof.

58.     Paragraph 58 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent these allegations are intended to apply to USAA FSB, USAA FSB denies the allegations contained in paragraph 58 of Plaintiff's Complaint and demands strict proof thereof.

59.     Paragraph 59 of Plaintiff's Complaint contain allegations against a party other than USAA FSB and require no response from this defendant.  To the extent these allegations are intended to apply to USAA FSB, USAA FSB denies the allegations contained in paragraph 59 of Plaintiff's Complaint and demands strict proof thereof.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(A)
## (USAA)

60.     USAA FSB incorporates each of the preceding paragraphs number 1-59 as fully set forth herein.

61.     USAA FSB denies the allegations contained in paragraph 61 of Plaintiff's Complaint and demands strict proof thereof.

62.     USAA FSB admits that it receives dispute information from the three credit bureaus electronically through e-Oscar.   USAA FSB lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 62 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

63.     USAA FSB admits that it receives information from the credit bureau Defendants in the form of an ACDV.  USAA FSB lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 63 of Plaintiff's Complaint and, therefore, USAA FSB denies the allegations and demands strict proof thereof.

64.     USAA FSB admits the allegations in paragraph 64 of the Plaintiff's Complaint.

65.     USAA FSB admits the allegations in paragraph 65 of the Plaintiff's Complaint.

66.     USAA FSB denies the allegations in paragraph 66 of the Plaintiff's Complaint.

67.     USAA FSB admits the allegations in paragraph 67 of the Plaintiff's Complaint.

68.     USAA FSB admits that the credit bureau Defendants forwarded one or more ACDVs regarding disputes submitted by Plaintiff.   USAA FSB lacks sufficient

knowledge or information to answer the remaining allegations in paragraph 68 of the Plaintiff's Complaint and therefore denies the allegations and demands strict proof thereof.

69.     USAA FSB denies the allegations contained in paragraph 69 of Plaintiff's Complaint and demands strict proof thereof.

70.     USAA FSB denies the allegations contained in paragraph 70 of Plaintiff's Complaint and demands strict proof thereof.

71.     USAA FSB denies the allegations contained in paragraph 71 of Plaintiff's Complaint and demands strict proof thereof.

72.     USAA FSB states that the allegations contained in paragraph 72 of Plaintiff's Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, USAA FSB denies the allegations contained in paragraph 72 of Plaintiff's Complaint and demands strict proof thereof.

73.     USAA FSB states that the allegations contained in paragraph 73 of Plaintiff's Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, USAA FSB denies the allegations contained in paragraph 73 of Plaintiff's Complaint and demands strict proof thereof.

74.     USAA FSB states that the allegations contained in paragraph 74 of Plaintiff's Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, USAA FSB denies the allegations contained in paragraph 74 of Plaintiff's Complaint and demands strict proof thereof.

**COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b) (1)(B)**
**(USAA)**

75.     USAA FSB incorporates each of the preceding paragraphs number 1-74 as fully set forth herein.

76.     USAA FSB denies the allegations contained in paragraph 76 of Plaintiff's Complaint and demands strict proof thereof.

77.     USAA FSB admits the allegations contained in paragraph 77 of Plaintiff's Complaint.

78.     USAA FSB admits the allegations contained in paragraph 78 of Plaintiff's Complaint.

79.     USAA FSB denies the allegations contained in paragraph 79 of Plaintiff's Complaint and demands strict proof thereof.

80.     USAA FSB states that the allegations contained in paragraph 80 of Plaintiff's Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, USAA FSB denies the allegations contained in paragraph 80 of Plaintiff's Complaint and demands strict proof thereof.

81.     USAA FSB states that the allegations contained in paragraph 81 of Plaintiff's Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, USAA FSB denies the allegations contained in paragraph 81 of Plaintiff's Complaint and demands strict proof thereof.

**COUNT NINE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b) (1)(C) and (D)**
**(USAA)**

82.     USAA FSB incorporates each of the preceding paragraphs number 1-81 as fully set forth herein.

83.     USAA FSB denies the allegations contained in paragraph 83 of Plaintiff's Complaint and demands strict proof thereof.

84.     USAA FSB denies the allegations contained in paragraph 84 of Plaintiff's Complaint and demands strict proof thereof.

85.     USAA FSB admits the allegations contained in paragraph 85 of Plaintiff's Complaint.

86.     USAA FSB admits the allegations contained in paragraph 86 of Plaintiff's Complaint.

87.     USAA FSB states that the allegations contained in paragraph 87 of Plaintiff's Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, USAA FSB denies the allegations contained in paragraph 87 of Plaintiff's Complaint and demands strict proof thereof.

88.     USAA FSB states that the allegations contained in paragraph 88 of Plaintiff's Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, USAA FSB denies the allegations contained in paragraph 88 of Plaintiff's Complaint and demands strict proof thereof.

### COUNT TEN: DEFAMATION
### (USAA)

89.     USAA FSB incorporates each of the preceding paragraphs number 1-88 as fully set forth herein.

90.     USAA FSB admits the allegations contained in paragraph 85 of Plaintiff's Complaint.

91.     USAA FSB denies the allegations contained in paragraph 91 of Plaintiff's Complaint and demands strict proof thereof.

92.     USAA FSB states that the allegations contained in paragraph 92 of Plaintiff's Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, USAA FSB denies the allegations contained in paragraph 92 of Plaintiff's Complaint and demands strict proof thereof.

93.     USAA FSB states that the allegations contained in paragraph 93 of Plaintiff's Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, USAA FSB denies the allegations contained in paragraph 93 of Plaintiff's Complaint and demands strict proof thereof.

94.     USAA FSB states that the allegations contained in paragraph 94 of Plaintiff's Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, USAA FSB denies the allegations contained in paragraph 94 of Plaintiff's Complaint and demands strict proof thereof.

## DEFENSES

1.     Plaintiff's Complaint fails, in whole or in part, to state a claim against USAA FSB for which relief could be granted.

2.     Plaintiff's damages, if any, were not caused by USAA FSB, but by other persons or entities outside of its control and for which USAA FSB is not responsible.

3.     At all times relevant thereto, USAA FSB maintained reasonable procedures in its handling of Plaintiff's account and the related reporting with regard thereto.

4.     USAA FSB has complied with the Fair Credit Reporting Act in its handling of Plaintiff's account and the related reporting, and is entitled to the defenses stated in the Act, including any and all limitations of liability.

5.      Plaintiff fails to allege any injury in fact, and has not sustained any damages and is therefore not entitled to relief.

6.      Plaintiff's claim for punitive damages is barred or limited by 15 U.S.C. § 1681n, and are subject to the defenses, criteria, limitations, standards and constitutional protections mandated or provided pursuant to: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc*, 532 U.S. 424 (2001); and *State Farm v. Campbell*, 538 U.S. 408 (2003) .

7.      USAA FSB has not furnished any false, inaccurate or defamatory information to a third party regarding Plaintiff and has not acted with negligence, malice, actual malice or willful intent to ignore.

8.      Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

9.      Plaintiff's claims are barred in whole or in part under the doctrine of laches.


WHEREFORE, for the foregoing reasons, USAA FSB respectfully requests the Court dismiss all claims against it and award such other relief as the Court may deem appropriate.

Respectfully submitted,

USAA FEDERAL SAVINGS BANK

By Counsel,


/s/ Jennifer L. Sarvadi
Jennifer L. Sarvadi (VSB No. 47543)
Ryan C. Day (VSB No. 76657)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
(703) 647-5944 Telephone
(703) 647-5994 Facsimile
jennifer.sarvadi@leclairryan.com
ryan.day@leclairryan.com
*Counsel for USAA Federal Savings Bank*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the 20th day of May, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system**,** which will send a notification of such filing to the following:

| | |
|---|---|
| Leonard A. Bennett<br>Susan M. Rotkis<br>Consumer Litigation Associates, P.C.<br>763 Clyde Morris Boulevard, Suite 1-A<br>Newport News, Virginia 23601<br><br>Thomas R. Breeden<br>Thomas R. Breeden, P.C.<br>10326 Lomond Drive<br>Manassas, Virginia 20109<br>*Counsel for Plaintiff*<br><br><br>John Willard Montgomery, Jr.<br>Montgomery & Simpson, LLLP<br>2116 Dabney Road<br>Suite A-1<br>Richmond, VA 23230<br>*Counsel for Equifax Information Services, LLC* | David Neal Anthony<br>Troutman Sanders LLP<br>Troutman Sanders Bldg<br>1001 Haxall Point<br>P.O. Box 1122<br>Richmond, Virginia 23219<br>*Counsel for Experian Information Solutions, Inc.*<br><br>Grant Edward Kronenberg<br>Morris & Morris PC<br>11 South 12th Street, 5th Floor<br>PO Box 30<br>Richmond, Virginia 23218<br>*Counsel for Trans Union, LLC* |

/s/ Jennifer L. Sarvadi
Jennifer L. Sarvadi (VSB No. 47543)
Ryan C. Day (VSB No. 76657)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
(703) 647-5944 Telephone
(703) 647-5994 Facsimile
jennifer.sarvadi@leclairryan.com
ryan.day@leclairryan.com
*Counsel for the Defendant,*
*USAA Federal Savings Bank*