IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CHRISTOPHER S. CHAPMAN<br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., et al.<br><br>Defendant. | Civil Action Number 3:13CV195<br><br>**ELECTRONIC CASE FILE** |

## SCHEDULING AND JURY PRETRIAL ORDER

1. Trial of this case shall commence at _10:00 AM_ on _November 6, 2013_ and shall be completed on or before _November 7, 2013_.

2. If this action is to be tried to a jury, the number of persons comprising the jury shall be governed by Local Rule 47. See Colgrove v. Battin, 413 U.S. 149 (1973).

3. The selection and impaneling of additional jurors shall be considered waived unless a written request is made therefor at least ten (10) days prior to trial. If the selection of additional jurors is waived, counsel and the parties shall be deemed to have consented and agreed that in the event any regular juror or jurors impaneled become unable at any time to continue service the trial shall proceed with the remaining jurors until a verdict is reached.

4. Each of the parties shall file its proposed jury instructions seven (7) days prior to trial. Counsel are required to submit their suggested instructions in narrative form (not as citations), keeping in mind that the charge should encompass all rules of law applicable to the evidence anticipated to be adduced. Each jury instruction should appear on a separate page and each instruction should be numbered. Appropriate citations should be noted by use of footnotes. On

1

the first day of trial, counsel are encouraged, but not required, to submit proposed jury instructions to the Court on computer disk, CD-ROM, or USB flash drive. The computer disk, CD-ROM, or USB flash drive will be returned to counsel at the conclusion of trial.

If this is a non-jury action, the parties shall file their proposed findings of fact and conclusions of law in accordance with this paragraph.

When filing proposed findings of fact and conclusions of law and proposed jury instructions, counsel should present them in pleading form with a certificate of service just as any other pleading filed in this action.

5. Any proposed voir dire questions shall be filed seven (7) days prior to trial.

6. Within thirty (30) days from the date of this Order, counsel for the respective parties shall meet and confer in an effort to enter into written stipulations of any uncontroverted facts.

7. Within thirty (30) days from the date of this Order, counsel for the respective parties shall meet and consult with a view of achieving settlement, if appropriate. Counsel are advised of the availability of mediation upon request to the Court.

8. Counsel for the plaintiff shall file a notice within five (5) days of the completion of the meetings required by Paragraphs 6 and 7 advising of the parties' compliance.

9. Between fifteen (15) and twenty-five (25) days prior to trial, counsel for the respective parties shall meet and confer in an effort to enter into further written stipulations of any uncontroverted facts. All stipulations, if any, shall be filed no later than ten (10) days prior to trial.

10. On or before ten (10) days prior to trial, plaintiff shall file a list of proposed exhibits and shall, prior thereto, either forward copies of said proposed exhibits or make same available to all other counsel for examination. Each defendant shall do likewise seven (7) days prior to trial. All exhibits shall be appropriately marked in sequence. Exhibit markers may be secured from the Clerk. Exhibits must be submitted in a bound and tabbed format. Any objection to any

proposed exhibit shall be filed in writing with appropriate citations thereto no later than three (3) days prior to trial. All parties should prepare and deliver one (1) copy of exhibits to the Court and one (1) copy to opposing counsel no later than noon one (1) business day prior to trial. Three copies are not required by the Court as stated in Local Rule 79(A). Failure to comply with this paragraph may constitute a waiver of objections or may result in the Court's denying the admission of affected exhibits.

Exhibits which counsel contemplate using solely for impeachment purposes need not be listed, disclosed or exhibited. However, such exhibits not listed, can only be used for impeachment.

11. Counsel are admonished that no exhibit shall be shown to the jury during the course of the trial unless a separate copy of said exhibit is available for the use of each juror, or the exhibit is of such size or is enlarged to such size that the jurors as a body can examine the exhibit or enlargement. Counsel wishing to use the Court's Digital Evidence Presentation System should make arrangements with the Clerk three (3) days prior to trial. Parties presenting evidence through the
Digital Evidence Presentation System are not required to provide individual copies of exhibits for the jurors.

12. The parties' attention is directed to Local Rule 26, which shall govern the conduct of discovery in this matter. Discovery for all parties shall be concluded at least forty-one (41) days prior to trial. No interrogatories, requests for production of documents, or requests for admissions shall be propounded later than seventy-one (71) days prior to trial, and no depositions shall be taken later than forty-one (41) days prior to trial, except by agreement of counsel or for good cause shown. The parties are limited to five (5) non-party depositions and thirty (30) interrogatories. Should there be a need for relief from this directive, counsel will be required to make a showing to the Court.

13. All dispositive motions are to be filed on or before forty (40) days prior to trial. All Motions in Limine not based on <u>Daubert</u> are to be filed on or before seven (7) days prior to trial.

14. On or before fifteen (15) days prior to trial, plaintiff shall file a list of any interrogatories, answers thereto, depositions, etc., specifying the appropriate portions thereof that plaintiff intends to offer in this case. Each defendant shall do likewise within three (3) days thereafter, and plaintiff may file a further rebuttal designation within two (2) days thereafter. Any objection to the introduction of any of the foregoing shall be filed in writing by each of the parties by no later than three (3) days prior to trial, or such objection shall be deemed to have been waived. This paragraph does not apply to discovery materials that will be used at trial solely in cross-examination or for impeachment.

15. Fifteen (15) days prior to trial counsel for plaintiff shall file a list of witnesses intended to be called. Each defendant shall file its corresponding list no later than ten (10) days prior to trial. Plaintiff has leave to file a list of rebuttal witnesses three (3) days thereafter. Failure to comply with this paragraph will, in the absence of exceptional circumstances, result in preclusion of a witness's testimony.

16. On or before ninety (90) days before trial, each party shall identify all persons it expects to call as expert witnesses in its case in chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint and shall file a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) for each such expert witness.

17. On or before sixty (60) days before trial, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint and shall file a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) for each such expert witness.

18. On or before forty-five (45) days before trial, each appropriate party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness

identified pursuant to Paragraph 17 and shall file a written report complying with the requirement of Fed. R. Civ. P. 26(a)(2)(B) for each such expert witness.

19. Unless counsel moves to require the filing of all discovery materials per Fed. R. Civ. P. 5(d) within ten (10) days of the entry of this Order, no party shall file any depositions upon oral examination or upon written questions, interrogatories, request for documents, request for admissions, or answers and responses thereto with the pleadings in this case. However, at any time, upon motion of a party for good cause shown, or on its own initiative, the Court may require the filing of all discovery material or specific discovery material obtained in the course of this litigation. Any discovery required to be filed under Fed. R. Civ. P. 26 as supporting documentation for a motion being heard by the Court or used by the parties at trial shall include only the pertinent portions of such discovery. The filing should be labeled and identified as supporting discovery material.

20. Fed. R. Civ. P. 6 applies to the time limits under this Order in all circumstances *except* where a deadline falls on a Saturday, Sunday, or holiday. In such case, the deadline will be the last business day prior to the Saturday, Sunday, or holiday.

21. Counsel are advised that all time limits and restrictions outlined herein shall be <u>strictly observed</u>.

22. Any issues regarding Attorney's Fees will be determined post trial.

23. Parties and counsel are reminded that this is an Order of the Court, and, as such, it is expected that all persons involved in the litigation will read and follow the instructions contained herein. This is especially true as to timetables and deadlines.

And it is so ORDERED.

/s/
James R. Spencer
United States District Judge

Date: 6-25-13

Revised 07/20/10